## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **DESHAWN MAINES,** | ) | **CASE NO. 1:19 CV 1363** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **WARDEN DOUGLAS FENDER, et al.,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **Defendants.** | ) | **AND ORDER** |

*Pro se* Plaintiff Deshawn Maines ("Plaintiff") is a state prisoner confined at the Lake Erie Correctional Institution ("LECI"). He brings this action against defendants Warden Douglas Fender, Dr. Shannon Swanson and Linda Whitt, alleging that they violated his constitutional rights with respect medical treatment at LECI. Plaintiff seeks $750,000.00 in punitive damages and $25,000.00 per defendant in compensatory damages. (Docket # 1).

For the reasons that follow, this case is dismissed.

## I. Background

In his brief Complaint, Plaintiff states in conclusory fashion that he has been denied treatment for keloids on his ear lobes and neck which cause him pain, as well as pain medication for neuropathy caused by diabetes. (*Id.* at 4 ("Dr. Swanson the chief medical officer denied me medical treatment and I was in terrible pain.")). Plaintiff makes a similar conclusory allegation against nursing supervisor "Rebera" but asserts no factual allegations at all against defendants

Warden Fender or Whitt, whom Plaintiff describes as an "administrator" (*see id.* at 3). Plaintiff further complains that LECI is quick to deny prescription pain medication and prisoners are told to purchase pain medication from the commissary (*see id.* at 4).

## II. Discussion

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or lacks an arguable basis in law or fact. In order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). That said, the courts are not required to conjure unpleaded facts or construct claims against defendants on behalf of a

-2-

*pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### B. Analysis

Liberally construing the Complaint, it appears that Plaintiff is asserting a claim pursuant to 42 U.S.C. § 1983 that Defendants denied him medical care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. In order to state a § 1983 claim, Plaintiff must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A § 1983 claim for deliberate indifference regarding a prisoner's medical care consists of an objective component and a subjective component, both of which must be satisfied. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the existence of a "sufficiently serious" medical need. *Id.* That is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of harm." *Id.* The subjective component requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying him medical care. *Id.* In order to satisfy this culpable state of mind, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Even with the benefit of liberal construction, Plaintiff's sparse Complaint fails to plausibly allege either component of an Eighth Amendment deliberate indifference claim.[1] And Plaintiff's general disagreement with the denial of prescription pain medication at LECI in favor of over-the-counter pain medication is insufficient to state a plausible Eighth Amendment deliberate indifference claim. *See Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) ("As a general rule, a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983.") (citations omitted). To the extent Plaintiff is alleging a negligence/medical malpractice claim against Defendants, such claims do not state a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

In addition, Plaintiff fails to allege any specific conduct against the named Defendants. Where a person is simply named as a defendant without a factual allegation of specific misconduct, the complaint insufficient to state a plausible claim for relief. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.") (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). To the extent that Plaintiff is claiming Defendants are liable in their supervisory capacity for the

---

[1]    For example, Plaintiff's conclusory allegation that the keloids caused him pain, without more, is insufficient to satisfy the objective component of a deliberate indifference claim. *See Simmons v. Corr. Med. Servs.*, No. 105-CV-744, 2006 WL 2528433, at *5 (W.D. Mich. Aug. 31, 2006) (citing *Brock v. Wright*, 315 F.3d 158, 161-62 (2d Cir. 2003) (plaintiff's keloid, which caused chronic pain and interfered with his ability to perform activities of daily living such as eating, brushing his teeth and sleeping, is a sufficiently serious medical need to implicate the Eighth Amendment)).

alleged denial of treatment by LECI medical staff, a supervisory official is not liable under §

1983 for the alleged unconstitutional conduct of subordinates in the absence allegations that the

supervisor encouraged the unconstitutional conduct or directly participated in it. *Combs v.*

*Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (citations omitted). Plaintiff asserts no such

allegations against Defendants. "It is well settled that § 1983 liability will not be imposed solely

on the basis of respondeat superior." *Id.*

For all the foregoing reasons, Plaintiff fails to state a plausible § 1983 claim upon which

relief may be granted, and those claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). To

the extent that Plaintiff is asserting a state law claim for medical malpractice and/or medical

negligence, and having dismissed Plaintiff's federal claims, the Court declines to exercise

supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c). *See*

*Musson Theatrical Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996).

## III. Conclusion

For the reasons stated herein, Plaintiff's federal claims are dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Any state

law claims that Plaintiff may be asserting are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision

may not be taken in good faith.

**IT IS SO ORDERED**.

DONALD C. NUGENT
United States District Judge

DATED: December 11, 2019